IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LAWSON, | : | |
|            Plaintiff, | : | |
| | : | CIVIL ACTION |
|     v. | : | No. 18-3670 |
| | : | |
| SCI GRATERFORD DEPUTY | : | |
| SUPERINTENDENT BANTA, et al., | : | |
|            Defendants. | : | |

McHUGH, J.                                                                                                         OCTOBER 26, 2020

**MEMORANDUM**

       This is a § 1983 action based on claims of unlawful mail interference. Plaintiff alleged that Defendants improperly withheld Plaintiff's mail and unlawfully intercepted his complaint in a separate civil case, *Lawson v. Menteer*. *See* Pl.'s Am. Compl. 5, 17, ECF No. 21. I granted summary judgment as to all claims on July 21, 2020, *see* ECF No. 66, and I am now urged to reconsider under Rule 60(b)(3) based on alleged fraud upon the Court. *See* Pl.'s Mot. Extraordinary Relief, ECF No. 68.

       Plaintiff appears to claim that Defendants engaged in fraud and misrepresentation in three respects. First, he alleges that Defendants fraudulently certified that they served the plaintiff with their summary judgment filings. *Id.* ¶ 3. Second, Plaintiff avers that the deposition transcripts were drafted in a "manipulated misleading manner." *Id.* ¶ 4. And third, Plaintiff argues that Defendants' summary judgment motion included falsified exhibits and declarations indicating that Plaintiff's *Menteer* complaint had been served through normal channels, contrary to Plaintiff's allegation that Defendants had forwarded his complaint only after opening his mail.

1

*Id.* ¶ 9.  The first of these arguments is procedural in nature, arguing that he did not have a fair chance to respond to the motion.  The latter two arguments address the merits of the case.

Rule 60(b)(3) provides that a court may relieve a party "from a final judgment, order, or proceeding for … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  The moving party must show that "the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case."  *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).  To "sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing."  *Brown v. Pennsylvania Railroad Company,* 282 F.2d 522, 527 (3d Cir. 1960).

Plaintiff has not shown by clear and convincing evidence that Defendants' certificate of service of the motion for summary judgement was fraudulent.  Lawson primarily alleges that he did not receive a copy of Defendants' summary judgment filings.  *See, e.g.*, Pl.'s Decl. ¶¶ 13–14, ECF No. 71.  But Plaintiff's purported lack of receipt does not necessarily indicate that Defendants did not serve copies of their pleadings or that they misled the Court when they certified that they served Plaintiff.  Moreover, Defendants' summary judgment motion was filed on January 17, 2020.  *See* ECF No. 59.  The Court did not rule until July 21, 2020.  In the interim, Mr. Lawson filed two further pleadings.  As Defendants note, Mr. Lawson could have accessed their summary judgment filings through the publicly available docket.  *See* Defs. Mem. Law Opp. Pl.'s Mot. 3, ECF No. 69.  In technical terms, Mr. Lawson has not met his burden under Rule 60(b)(3).

But as Defendants note, Plaintiff is proceeding *pro se*, and they propose that I should also consider this motion as one for reconsideration under Fed. R. Civ. P. 59.  *Id.* at 4 n2.  Pursuant to

that rule, judgments "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).  I will apply that standard leniently and consider whether the arguments Plaintiff advances here would have resulted in a denial of summary judgement.[1]

    In moving for summary judgment, Defendants relied in part upon the transcript of a deposition. Mr. Lawson renews his attack on those transcripts in the present motion for relief.  In Lawson's earlier "motion to suppress," *see* ECF No. 61,  he described the deposition transcripts as an "egregious showing of fraud" and took issue with the "effort to depict plaintiff as being incapable of articulating a meaningful response; uneducated and with a speech impediment." Pl.'s Mot. Suppress ¶¶ 5, 4.  I denied Plaintiff's motion.  *See* ECF No. 63.  On summary judgment, I considered the deposition, which was created by a certified court reporter in accordance with the Federal Rules of Civil Procedure.  *See* Defs.' Mot. Summ. J. Ex. A at 103, ECF No. 59-5.  I also reviewed Plaintiff's numerous objections to the deposition, many of which focused on typographical or grammatical errors within the document.  *Id.* at 111.  Plaintiff's primary concerns with the deposition appeared to be stylistic.  Moreover, he has not presented any evidence that would suggest that the court reporter or Defendants sought to falsify the contents of the deposition.  In granting summary judgment, I concluded that Mr. Lawson's attacks did not create a material issue of fact.  I stand by that conclusion.

---

[1] In granting summary judgment, I engaged in a full review of the merits based upon the record before me.  *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

Mr. Lawson's central complaint focuses on what he alleges to be interference with his legal mail.  As noted in my earlier memorandum, his case is wholly dependent upon dubious factual inferences.  Plaintiff continues to argue that documents describing service of the *Menteer* complaint are fraudulent.  But after considering analogous arguments on summary judgment, I noted that it was highly unlikely that "two public officials, in separate institutions, one of whom did not know Plaintiff personally, were motivated to conspire to hide the fact that his complaint was intercepted."  Mem. Op. Granting Summ. J. 7, ECF No. 65.  I also observed that Defendants' submissions were supported by the "relevant docket entry in *Menteer*, an official court document, [which] reflects that process was served on April 26, 2018."  *Id.* at 6.

In short, even if I take at face value Mr. Lawson's contention that he was not served with the motion for summary judgment, having again considered the merits, the motion would still have been granted.

Accordingly, Plaintiff's 60(b)(3) Motion for Extraordinary Relief is **DENIED**.

/s/ Gerald Austin McHugh
United States District Judge
